JEAN TALBERTH, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5871-64. Filed December 21, 1966.

*Bernard R. Panfel,* for the petitioner.
*Joel Kamens,* for the respondent.

ATKINS, *Judge:* The respondent determined deficiencies in income tax for the taxable years 1958, 1959, 1960, 1961, and 1962 in the respective amounts of $679.33, $738.04, $915.95, $809.91, and $755.80. The only issue is whether any portion of the amount of $6,000 paid to the petitioner by her former husband during each of the taxable years in question pursuant to the provisions of a State court separate maintenance judgment (and an amended judgment) is excludable from the petitioner's gross income as representing amounts paid for the support of the petitioner's minor children.

---

FINDINGS OF FACT

Some of the facts have been stipulated and the stipulations are incorporated herein by this reference.

The petitioner, a resident of Brooklyn, N.Y., filed her Federal income tax returns for the taxable years 1958 through 1962 with the district director of internal revenue, Brooklyn, N.Y.

On October 15, 1956, the petitioner and her then husband, Harry Talberth, entered into a separation agreement which provided in part:

it is agreed that the HUSBAND shall pay to the WIFE, the sum of Six Hundred ($600.) Dollars per month, a total of Seven Thousand Two Hundred ($7,200.) Dollars annually. For tax purposes, said sum shall be allocated as follows: Two Thousand ($2,000.) Dollars a year payable to the WIFE for her support and Five Thousand Two Hundred ($5,200.) Dollars a year payable for the support of the three (3) children of this marriage. * * * In the event that the WIFE shall remarry or die, then the payment of the sum of Two Thousand ($2,000.) Dollars a year by the HUSBAND to the WIFE in installments of Eighty ($80.) Dollars twice a month, shall cease and be discontinued as of the date of the remarriage or death of the WIFE.

On November 14, 1956, the Supreme Court of New York in and for Kings County, N.Y., entered a judgment granting the petitioner a separation from her husband and custody of the children. The judgment provided in part:

that the defendant be and he hereby is directed to pay to the plaintiff the total annual sum of $7,200.00, and that for tax purposes only, the said sum is allocated as follows: $2,000.00 a year payable to the plaintiff for her support and $5,200.00 a year payable to the plaintiff for the support of the three infant children * * *.

The petitioner's husband obtained a divorce from her in the Circuit Court, State of Alabama, county of Marion, on November 19, 1956.

At a time when the petitioner was suing her former husband to recover amounts which had not been paid pursuant to the above New York court judgment, the petitioner's husband filed a motion with such court asking for a reduction in the amount of the annual payments to be made to the petitioner in the amount of $1,733.33 (1/3 of $5,200) by reason of the fact that one of the children had attained majority. The prior judgment was amended by the issuing court in June 1960, decreasing the payments to be made to the petitioner by the amount of $700 instead of $1,733.33 as requested by the petitioner's husband. The judgment provided in part:

that the defendant be and he hereby is directed to pay to the plaintiff the total annual sum of $6500.00, and that for tax purposes only, the said sum is allocated as follows: $2,000.00 a year payable to the plaintiff for her support, and $4500.00 a year payable to the plaintiff for the support of the two infant children * * *.

In each of the taxable years in question the petitioner received the sum of $6,000 from her former husband pursuant to the aforementioned judgments. In her returns for the taxable years in question

the petitioner reported as gross income with respect to such amounts the respective amounts of $800, $800, $800, $1,520, and $2,000. The respondent determined that the entire amount of $6,000 paid to her in each year should have been reported as gross income and, in the notice of deficiency, he increased taxable income for the years in question by the respective amounts of $5,200, $5,200, $5,200, $4,480, and $4,000.

## OPINION

The only issue is whether any portion of the amounts received by the petitioner from her former husband constitutes child support payments so as to be excludable from her gross income under section 71(b) of the Internal Revenue Code of 1954, or whether all of such amounts constituted alimony payments which must be included in her gross income under section 71(a)(1) of the Code.[1]

In *Commissioner* v. *Lester*, 366 U.S. 299, the Supreme Court traced the legislative history of section 22(k) of the Internal Revenue Code of 1939, which is now section 71 of the 1954 Code, and concluded in part as follows:

The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress.

One of the basic precepts of the income tax law is that "[t]he income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not." *Corliss* v. *Bowers*, 281 U.S. 376, 378 (1930). Under the type of agreement here, the wife is free to spend the monies paid under the agreement as she sees fit. * * * Including the entire payments in the wife's gross income under such circumstances, therefore, comports with the underlying philosophy of the Code. * * *

---

[1] SEC. 71 of the 1954 Code provides as follows:

(a) GENERAL RULE.—

(1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

\* \* \* \* \* \* \*

(b) PAYMENTS TO SUPPORT MINOR CHILDREN.—Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.

In the instant case neither the separation agreement nor the judgments of the Supreme Court of New York "fix" an amount to be paid for the support of the husband's minor children, within the meaning of section 71(b). The mention of allocation for support of the children is stated in the separation agreement as "for tax purposes" and in the judgments of such court as "for tax purposes only." The amounts were payable to the petitioner and, as in the *Lester* case, she "is free to spend the monies * * * as she sees fit."

In the case of *Harry Talberth*, T.C. Memo. 1963–295, we held that the amounts paid by the former husband of the present petitioner to her during the taxable years 1958 and 1959 were includable in her gross income under section 71(a) and were therefore deductible by him under section 215(a) of the Code. The instant case contains some additional evidence which was not submitted in the case of *Harry Talberth*, *supra*, including the separation agreement executed by the petitioner and her husband, and the testimony of the attorney who represented her at the time of the execution of such agreement to the effect that it was the intent of the parties that the amount of $5,200 was to be paid each year for the support of the three children. However, none of such additional evidence requires or justifies a conclusion contrary to that reached in the prior case. The fact remains that neither the separation agreement nor either of the court judgments fixes, in terms of an amount of money or a part payment, a sum which is payable for support of minor children of the husband. The Supreme Court in the *Lester* case made it clear that it is not the intent of the parties which is controlling. As pointed out by such Court, the statute does not say that a sufficiently clear purpose on the part of the parties is sufficient to shift the tax, but, rather, says that the written instrument must fix that portion of the payment which is to go to the support of the children.

We therefore conclude that the respondent properly included the payments in question in the petitioner's gross income for the years in question.

*Decision will be entered for the respondent.*