James F. Holden, et al. * v. Commissioner. Holden v. Commissioner
Docket Nos. 237-67, 266-67, 1775-67, 1947-67.
United States Tax Court
T.C. Memo 1968-237; 1968 Tax Ct. Memo LEXIS 63; 27 T.C.M. (CCH) 1166; T.C.M. (RIA) 68237; October 14, 1968
Edmund Durkin, Jr., 1857 Union Commerce Bldg., Cleveland, Ohio, for the petitioners in Docket Nos. 236-67 and 1775-67. Martha C. Holden, pro se, 2420 Hempstead Rd., Toledo, Ohio, in Docket Nos. 266-67 and 1947-67. Frank E. Wrenick, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined *64 a deficiency in the income tax of petitioner James F. Holden for the calendar year 1963 in the amount of $6,120.65 and a deficiency in the income tax of petitioners James F. Holden and Helen J. Holden for the calendar year 1964 in the amount of $4,825.66. He determined deficiencies in the income taxes of Martha C. Holden for the calendar years 1963 and 1964 in the amounts of $4,765.11 and $3,993.58, respectively. The issues for our decision are the following: (1) Whether petitioner James F. Holden is entitled to deduct in each of the years 1963 and 1964 payments he made in each of those years to Martha C. Holden, the payment in the year 1963 being made pursuant to a written agreement of separation and the payment in 1964 being made in part pursuant to such written agreement of separation and in part pursuant to a divorce decree. (2) Whether the payments made by James F. Holden to petitioner Martha C. Holden in each of the years 1963 and 1964 are includable in income by petitioner Martha C. Holden. All of the facts in this case have been stipulated and are found accordingly. The legal residence of James F. Holden at the time his petition in this case was filed and the legal *65 residence of James F. and Helen J. Holden, husband and wife, at the time their petition in this case was filed was in Toledo, Ohio. The legal residence of Martha C. Holden at the time her petitions in this case were filed was in Toledo, Ohio. James F. Holden filed an individual Federal income tax return for the calendar year 1963 with the district director of internal revenue at Cleveland, Ohio, and James F. Holden and Helen J. Holden filed a joint Federal income tax return for the calendar year 1964 with the district director of internal revenue at Cleveland, Ohio. Martha C. Holden filed an individual Federal income tax return for each of the calendar years 1963 and 1964 with the district director of internal revenue at Cleveland, Ohio. James F. Holden (hereinafter referred to as James) and Martha C. Holden (hereinafter referred to as Martha) were married on February 15, 1941. They entered into a separation and settlement agreement dated April 27, 1962, which recited that there were four children who were issue of the marriage, aged 19, 18, 14, and 11 years, respectively. This separation and settlement agreement provided in part as follows: 3. The wife shall have custody *66 of the children, and control and supervision of their upbringing, subject to the following: * * * 4. The wife shall support and maintain herself, and shall in all respects care for, educate, and maintain, and support the children properly and in such manner as to afford the children the best care, education, maintenance and support, consistent with the payments made by the husband in accordance with the terms of this agreement. In consideration thereof, the husband shall pay to the wife the sum of $833.33 on or about the first day of every month commencing May 1, 1962, provided that in the event that any of the four children reach majority at age twenty-one, dies before age twenty-one or if the daughter marries before age twenty-one, then the payment herein specified shall be reduced by a sum equal to one-fourth of the sum set forth above, and subject to the following conditions: a.) The husband shall be relieved from and shall have no obligation to make the payments provided herein, and shall be entitled to custody of the children, during any period when the wife shall be physically, mentally or emotionally incapable of maintaining custody of the children and such incapacity shall *67 be stated in writing by two (2) qualified physicians. * * * b.) The sum provided herein shall be reduced by one-fourth (I/4) of the amount then payable with respect to each increment of reduction of five thousand ($5,000.00) dollars per year of the husband's earnings 1168 below the annual salary rate of the husband in effect on the date hereof as evidences [sic] by Exhibit A attached hereto and made a part hereof. The wife agrees that she will properly maintain, care for and educate the children in her custody, but subject only to this agreement, she may expend the said payments in accordance with her uncontrolled discretion. James and Martha were divorced under a decree entered by the Court of Common Pleas of Lucas County, Ohio, on February 3, 1964. This decree recited that the Court found that the parties had heretofore entered into a separation and settlement agreement, and that a copy of that agreement was attached to the decree and made a part of the entry as though fully rewritten therein, except that the agreement was modified in the following respect: "The wife shall support and maintain herself and shall, in all respects, care for, educate and maintain, and support *68 the children properly and in such manner as to afford the children the best care, education, maintenance and support consistent with the payments to her made by the husband in accordance with the terms of this agreement. In consideration thereof, the husband shall pay to the wife the sum of Eight Hundred Thirty-three and 33/100 Dollars ($833.33), * commencing forthwith; provided, that in the event any of the three remaining minor children reach age 21, die before age 21, or if the daughter marries before age 21, then the payment herein provided shall be reduced by one-fourth (I/4) of the sum set out above; provided, further, that the amount paid by the husband shall not be reduced to less than Two Hundred Eight and 33/100 Dollars ($208.33) per month and provided that payments to the wife shall terminate upon her death or remarriage, and subject to the same conditions outlined in the separation and settlement agreement." Provided, however, that the amount to the wife shall not be reduced below $208.33 per month, notwithstanding any change in the salary of the husband. Pursuant to the terms of the separation and settlement agreement, James paid to Martha during *69 the calendar year 1963 a total amount of $9,583.33 in monthly installments, and pursuant to the terms of the separation and settlement agreement and the divorce decree, James paid to Martha during the calendar year 1964 a total of $10,000 in monthly installments. James in his Federal income tax return for each of the years 1963 and 1964 claimed a deduction as an alimony payment for the amount he paid to Martha. Martha did not include the payments she received from James in her income as reported on her Federal income tax returns for the years 1963 and 1964. Respondent in his notices of deficiency to James disallowed the deductions claimed by James for alimony payments for each of the years 1963 and 1964. In his notices of deficiency to Martha respondent increased her reported income in each of the years 1963 and 1964 by the amount of the payments she received from James in each of those years. Section 71(a), I.R.C. 1954, [2] provides for the inclusion in the income of a wife who is divorced or separated from her husband of periodic alimony and separate maintenance payments received by the wife from the husband, and section 71(b)[3] provides that the amount *70 includable in the wife's income shall not apply to that part of any payment which "the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband." Section 215 provides for the deduction by a husband of amounts includable under section 71 in the gross income of his wife. It is James' contention in these cases that no portion of the payments made by him to Martha during either of the years 1963 or 1964 was payment for *71 support of his minor children within the meaning of section 71(b). James contends therefore that the total amounts which he paid to Martha in each of the years 1963 and 1964 are includable in her income under section 71 and therefore are deductible by him. It is Martha's contention that all of the payments made to her by James in the year 1963 were payments for support of the minor children of herself and James 1169 and that all of such payments made to her during the year 1964 except to the extent of $208,33 per month were payments made by James for the support of their minor children within the meaning of section 71(b). The Supreme Court in Commissioner v. Lester, 366 U.S. 299 (1961), hold that the language contained in section 22(k), I.R.C. 1939, which is substantially the same as the language contained in section 71(b), requires that the agreement expressly specify or fix a "sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income." The Supreme Court called attention to the fact that the statutory requirement is strictly and carefully worded and stated (366 U.S. at 303): It does not *72 say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress. The instrument under consideration by the Supreme Court in Commissioner v. Lester, supra, provided for a reduction in the amount of the payments to be made by the husband when any one of the three children of the parties married, became emancipated, or died. In our opinion there is no substantive distinction in the provisions of the agreement which was considered by the Supreme Court in Commissioner v. Lester, supra, and the provisions of the agreement and divorce decree involved in the instant case. Both respondent and James contend that the instant case is not distinguishable from Commissioner v. Lester, supra. Martha contends that this case is distinguishable from Commissioner v. Lester, in that the agreement in the instant case, unlike that in the Lester case, contained no provision for the reduction *73 of payments if the wife remarried, that the agreement in the instant case specifically states that the wife is to support herself and emphasizes that the payments made by James are only for the children. Martha argues that the custody of the children and the payment for the children go hand-in-hand under the agreement and decree involved in the instant case. Her primary argument is that under the agreement the wife is to support herself out of funds other than the payments received from James because after the words, "the wife shall support and maintain herself," in the agreement there appears a comma before the words, "and shall in all respects care for, educate, and maintain, and support the children properly * * *." Martha argues that the comma after the words referring to the wife's supporting hereself shows that it was intended under the agreement that she support herself from funds other than those supplied by James. Martha then argues that the provision in the divorce decree read in the light of the provision in the agreement shows that only $208.33 per month of the amount paid to her by James under that decree was for her support. We do not agree with the technical argument *74 made by Martha. We do not share her view that the comma following the word "herself" in the agreement indicates that all of the payments made by James to Martha were to be used for support of the children. However, the fact that Martha's technical argument with respect to the interpretation of the language as punctuated in the separation and settlement agreement is not a proper one is shown by other parts of the agreement. The separation and settlement agreement specifically provided that the "wife agrees that she will properly maintain, care for, and educate the children in her custody, but subject only to this agreement, she may expend the said payments in accordance with her uncontrolled discretion." The fact that the wife was free to spend the money paid to her under the agreement as she saw fit enabled her to use the money for her own support or any other purpose so long as she supported the children. The unfettered command of the wife over the payments from the husband was given as one reason for including the payments in the wife's income in Commissioner v. Lester, supra, In this regard the Court stated (366 U.S. at 303-304): One of the basic precepts *75 of the income tax law is that "[the] income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not." Corliss v. Bowers, 281 U.S. 376, 378 (1930). Under the type of agreement here, the wife is free to spend the monies paid under the agreement as she sees fit. "The power to dispose of income is the equivalent of ownership of it." Helvering v. Horst,, 311 U.S. 112, 118 (1940). Including the entire payments in the wife's gross income under such circumstances, therefore, comports with the underlying philosophy 1170 of the Code. And, as we have frequently stated, the Code must be given "as great an internal symmetry and consistency as its words permit." United States v. Olympic Radio & Television, 349 U.S. 232, 236 (1955). In Van Oss v. Commissioner, 377 F. 2d 812 (C.A. 2, 1967), affirming a Memorandum Opinion of this Court, it was held that payments were includable in the income of the wife where the agreement contained no specific requirement that the wife use any minimum portion of the payments received for the support *76 of the children, even though the agreement disclosed an intention that certain amounts were made available to the wife for the care of the children while they were in her custody. In Jean Talberth, 47 T.C. 326 (1966), we held that even though the agreement mentioned an allocation of an amount for the support of the children "for tax purposes" and the divorce decree mentioned an allocation of such an amount "for tax purposes only" the total amount of the payments to the wife was includable in her income since she was free to spend the money as she saw fit. We hold that the total amount paid by James to Martha in each of the years 1963 and 1964 is includable in Martha's income for each of such years and is deductible by James for each of such years. Because of other adjustments made by respondent which were not contested by petitioners and one issue disposed of by agreement of the parties, Decision will be entered under Rule 50. Footnotes
*. Cases of the following petitioners are consolidated herewith: Martha C. Holden, Docket No. 266-67; James F. Holden and Helen J. Holden, Docket No. 1775-67; and Martha Comstock Holden, Docket No. 1947-67.↩
*. Per month MCH.↩
2. All references are to the Internal Revenue Code of 1954 unless otherwise indicated. ↩
3. Sec. 71(b)↩ Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.