Martha W. Collord Fryer v. Commissioner.
Fryer v. Commissioner
Docket No. 6004-68.
United States Tax Court
T.C. Memo 1969-244; 1969 Tax Ct. Memo LEXIS 52; 28 T.C.M. (CCH) 1267; T.C.M. (RIA) 69244; November 17, 1969, Filed Martha W. Collord Fryer, pro se, 373 E.R.D. No. 3, Cuba, N. Y. John E. White, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $228 in petitioner's income tax for the year 1966. The sole issue is whether $2,600 of a total of $5,200 paid to petitioner by her former husband should be taxed to her as alimony or excluded from her income as child support pursuant to the terms of section 71(a)(1) and (b). [1]
*53 Findings of Fact Some of the facts are stipulated and are found accordingly. Petitioner (hereinafter referred to as Martha) had her legal residence in Cuba, New York, at the time of filing her petition herein. She filed an individual income tax return for the year 1966 with the district director of internal revenue, Buffalo, New York. Martha and James Collord (hereinafter referred to as "James") were married in 1950. They had two children, Patricia and Thomas, born in 1952 and 1959, respectively. Martha and James were divorced pursuant to a decree entered on June 27, 1964 by the Circuit Court of Marion County, Alabama, In Equity, which decree "ratified and confirmed" a separation agreement entered into by Martha and James on June 22, 1964. This agreement specified that the children were to reside with Martha and further provided: 4. The husband shall pay to the wife the sum of One Hundred Dollars ($100.00) each week for the support and maintenance of the wife and children. In the event of the remarriage of the wife, the amount shall be reduced to the sum of Fifty Dollars ($50.00) per week. In the event of the reaching of the age of twentyone (21) years, sooner emancipation, *54 or sooner death of each respective child, the amount that the husband shall pay to the wife shall be reduced by the sum of Twenty-five Dollars ($25.00) per week in each respective instance; provided, however, that so long as either child is attending an institution of higher education, and continues to reside with the wife, and has not become emancipated, and has not reached the age of twenty-five (25) years, said reduction with respect to such child shall not take place. Additional provisions were included dealing with payment by James of medical expenses of the children and premiums on life insurance policies of which the children and Martha were separate beneficiaries. Opinion We have little doubt that the purpose and intention of the parties was to provide $50 per week as alimony and $25 per week for the support of each of the two minor children. But a judicial exercise of interpretation or inference, based upon such purpose and intent, is insufficient; in order for section 71(b) to apply, the decree or written instrument must "specifically designate" or "fix" the amount or portion to be applied to 1268 the support of the children. This standard of self-contained written *55 explicitness is mandated by Commissioner v. Lester, 366 U.S. 299, 303, 305 (1961); Sara Nicoll Gotthelf, 48 T.C. 690, 693 (1967); affd. 407 F. 2d 491 (C.A. 2, 1969); Van Oss v. Commissioner, 377 F. 2d 812 (C.A. 2, 1967), affirming a Memorandum Opinion of this Court; Metcalf v. Commissioner, 343 F. 2d 66 (C.A. 1, 1965), affirming 42 T.C. 825 (1964); Jean Talberth, 47 T.C. 326 (1966); Geraldine E. Grummer, 46 T.C. 674, 679 (1966). Petitioner's reliance upon Sara Nicoll Gotthelf, supra, is misplaced. In that case, there was a rider to the agreement itself which specified an amount for the benefit of the children "as in this agreement provided for." We held that this phrase transformed the allocation implicit in the main body of the agreement into the explicit statement required under section 71(b). See also West v. United States, 413 F. 2d 294 (C.A. 4, 1969). Such explicit specification within the confines of the agreement is lacking in the present case. Accordingly, following Commissioner v. Lester, supra, we can only conclude that no amount *56 was "fixed" by the separation agreement herein as child support within the meaning of section 71(b). [2] We note, however, that our determination does not involve any taxable period subsequent to petitioner's remarriage during which she received reduced payments from James. Cf. Martha K. Brown, 50 T.C. 865 (1968), affirmed per curiam - F. 2d - (C.A. 4, Sept. 5, 1969), 24 A.F.T.R. 2d 69-5510; Metcalf v. Commissioner, supra.
Decision will be entered for the respondent. Footnotes
1. All references, unless otherwise specified, are to the Internal Revenue Code of 1954, as amended. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments * * * received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. * * * (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * *↩
2. Compare Shirley H. Rosenberg, T. C. Memo. 1968-151↩.