Virginia Donohue v. Commissioner.
Donohue v. Commissioner
Docket No. 5005-68.
United States Tax Court
T.C. Memo 1970-190; 1970 Tax Ct. Memo LEXIS 170; 29 T.C.M. (CCH) 864; T.C.M. (RIA) 70190; July 6, 1970, Filed Virginia Donohue, pro se, 1519 Metropolitan Ave., New York, N. Y. Michael Menillo, for the respondent. 865 TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined deficiencies in petitioner's income tax for the years 1965 and 1966 in the amounts of $600.05 and $590.56, respectively. The issues remaining for our determination are whether petitioner is entitled to exclude from her income, as child support under section 71, [1] any portion of the money received from her husband, from whom she was *171 separated, and whether petitioner is entitled to claim her son Brian as a dependent for each of these years. Findings of Fact Some of the facts are stipulated and are found accordingly. Petitioner is an individual who resided in New York, New York, at the time of filing her petition herein. She filed individual income tax returns for the years 1965 and 1966 with the district director of internal revenue, Manhattan, New York. At all times pertinent, petitioner was separated from her husband pursuant to a decree promulgated by the Supreme Court of the State of New York on January 21, 1959, which provided - that the defendant pay to the plaintiff the sum of $45.00 weekly as and for her support and maintenance and for the support and maintenance of the two boy children Brian and Michael. The decree has not been modified and the specified payments in the aggregate amount of $2,340 per year were made by petitioner's husband to petitioner in each of the years in issue. Except for these payments, petitioner has supported herself and two sons of the marriage, Brian, born in *172 1942, and Michael, born in 1948. Petitioner's son Brian was a full-time student at Kansas State University, except for a period of approximately six months following his marriage in March 1965, during which time he and his wife resided with the petitioner. Opinion The principal issue is the includability in petitioner's income, pursuant to section 71, [2] of $2,340 which she received from her husband during each of the years in question pursuant to a separation decree. In Commissioner v. Lester, 366 U.S. 299 (1961), which interpreted the language now incorporated in section 71(b), the Supreme Court stated that: The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. *173 At the trial, petitioner indicated that the New York court intended that, of the amount specified in the separation decree, $15 per week was to be for the support of each of the two sons. We considered it highly unlikely that a transcript of the proceedings before that court would furnish sufficient evidence to permit segregation for tax purposes of all or any part of the payments to the support of the sons. Nevertheless, we held the record open for 30 days to receive such transcript, in order to afford petitioner every opportunity to sustain her position. Compare West v. United States, 413 F. 2d 294 (C.A. 4, 1969); Metcalf v. Commissioner, 343 F. 2d 66 (C.A. 1, 1965), 866 affirming 42 T.C. 825 (1964); Vernon K. Carle, 54 T.C. - (Apr. 22, 1970); Sara Nicoll Gotthelf, 48 T.C. 690 (1967), affd. 407 F. 2d 491 (C.A. 2, 1969). We have neither received the transcript nor a request for an extension of time in which to furnish us with the transcript. Accordingly, while the result may appear harsh, we have no alternative, on the basis of this record and the mandate of Commissioner v. Lester, supra, but to *174 hold that the decree fails to fix any portion of the payments as child support. Consequently, no portion may be excluded from petitioner's income. Van Oss v. Commissioner, 377 F. 2d 812 (C.A. 2, 1967), affirming a Memorandum Opinion of this Court; Jean Talberth, 47 T.C. 326 (1966); Geraldine E. Grummer, 46 T.C. 674, 679 (1966). The second issue is whether petitioner is entitled to claim her son Brian as a dependent for 1965 and 1966. Section 151 (e)(2) [3] prohibits a taxpayer from claiming as a dependent a person otherwise qualified as such, if that individual filed a joint return with his spouse. Brian was married in March 1965. His income tax returns for the years 1965 and 1966 were not introduced into evidence, but petitioner stated that she had consulted Brian, who had stated that he had probably filed joint returns for the years in question. On this record, we can only hold that petitioner has failed to meet her burden of proof as provided in Rule 32, Tax Court Rules of Practice.[4]
*175 Accordingly, Decision will be entered for the respondent. Footnotes
1. All references, unless otherwise specified, are to the Internal Revenue Code of 1954, as amended.↩
2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - * * * (2) Written separation agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments, (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. * * * (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩
3. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. * * * (e) Additional Exemption for Dependents. - * * * (2) Exemption denied in case of certain married dependents. - No exemption shall be allowed under this subsection for any dependent who has made a joint return with his spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins. ↩
4. We have no evidence upon which to consider whether we should apply Rev. Rul. 65-34, 1965-1 C.B. 86↩, which states that a joint return filed by a married dependent will not be treated as a basis for disallowing the dependency exemption, when the return is filed solely for the purpose of claiming a refund and no tax liability would exist for either spouse on the basis of separate returns.