Saralee Lust v. Commissioner.
Lust v. Commissioner
Docket No. 1236-68.
United States Tax Court
T.C. Memo 1971-67; 1971 Tax Ct. Memo LEXIS 266; 30 T.C.M. (CCH) 281; T.C.M. (RIA) 71067; April 12, 1971, Filed. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes: Year
Amount
1962
$385
1963
383
1964
304 The only issue for decision is whether payments received during the years 1962 through 1964 by petitioner from her former husband, pursuant to the terms of a divorce decree and property settlement agreement, constitute alimony includable in her gross income under section 71(a), *267 [1] or child support excludable under section 71(b). Findings of Fact Some of the facts have been stipulated by the parties. The stipulation of facts and supplemental stipulation, together with the exhibits attached thereto, are incorporated herein by this reference. Saralee Lust (herein called petitioner) is a single person who resided in Spokane, Washington, at the time she filed her petition in this proceeding. She filed her 1962 Federal income tax return with the district director of internal revenue at Tacoma, Washington. She did not file Federal income tax returns for the years 1963 and 1964. Petitioner married Charles W. Lust on November 30, 1952. They had two children: Ruthanne, born in 1957, and Charles W., Jr., born in 1959. Petitioner and her husband subsequently separated, and they entered into a property settlement agreement dated May 2, 1962, which provided, in part, as follows: 1. Husband shall pay to wife the sum of $340.00 per month for a period of three (3) years from date hereof, except that for the months of September, 1962 to May, 1963 said *268 sum shall be $350.00. Commencing three (3) years from date hereof, said sum shall be reduced to $250.00 per month. In the event of the death of wife, said monthly payments shall cease and husband agrees that he will assume full support of both children of the parties if they be then minors. In the event that the parties hereto should hereafter be divorced and thereafter wife remarry, then said sum shall be reduced to $200.00 per month. After the older child attains age twenty-one, becomes self-supporting or marries, said sum shall be reduced to $125.00 per month and when the younger child attains age twenty-one, becomes self-supporting or marries, said payments shall cease. 2. In connection with husband's employment, he has in recent years received 282 an annual cash bonus. It is agreed that one-half of the net amount of such bonus received each year by husband shall be set aside in a trust fund for the purpose of higher education for the minor children of the parties. Said trust fund shall be under the joint control of both husband and wife. Also in connection with husband's employment, husband has certain insurance policies. It is agreed that husband will maintain such policies *269 and shall designate the minor children of the parties irrevocably as sole beneficiaries thereunder. In the event that husband should change his employment, he agrees that he will maintain comparable insurance with the minor children as sole beneficiaries irrevocably. Husband also in connection with his employment has certain group medical insurance, which he agrees to maintain for the benefit of said children. * * * 5. Husband agrees that in the event of extraordinary doctor and hospital bills in connection with either of the minor children of the parties and in the event the medical insurance maintained on them does not fully pay said expenses, that he will in addition to other payments provided for herein take care of such difference. 6. The parties hereto recognize that there is a strong possibility of reconciliation of the differences between them and of the resumption of marital life. It is agreed, therefore, that in the event of such reconciliation and resumption of habitation together in the family home that then this entire Agreement shall become null and void. It is further recognized, however, that there is a divorce action pending between the parties hereto, which case *270 is on the May Trial Docket. It is agreed that said case shall be stricken from the Trial Docket. It is further agreed, however, that the wife will note said case on the Default Divorce Calendar immediately and have hearing by June 15, 1962, and it is agreed that this Agreement between the parties shall become a part of the Divorce Decree in said action and further that at said time of entry of Divorce Decree, husband shall execute and deliver to wife Quit Claim Deed to the property [family home] above mentioned. * * * 7. It is agreed that husband shall take the two minor children as income tax deductions. 8. Except as herein otherwise expressly provided, all bills or obligations or indebtedness incurred by either of the parties hereto, either prior to or subsequent to the execution of this Agreement, shall be paid by the party so incurring the same, and neither party shall be called upon to pay the debts or liabilities of the other. On July 10, 1962, petitioner obtained a decree of divorce from the Superior Court of Spokane County, Washington. The decree provided (the Defendant and Cross-complainant is the petitioner herein): I THAT the Defendant be and is hereby granted *271 a decree of divorce from the Plaintiff and Cross-Defendant. II THAT the property settlement heretofore entered between the parties be and is hereby approved. III THAT the Cross-Complainant shall have the care, custody and control of said minor children subject to the right of reasonable visitation. [Plaintiff to pay $340.00 Per Month for 3 years, except for Sept. 1962 to May 1963 which sum shall be $350.00 for those months. Thereafter the sum reduced to $250.00 Per Month.] * *272 *273 The testimony in this case shows that, although petitioner was represented by counsel in the separation and divorce proceedings, her attorney was unaware of the then recent decision of the United States Supreme Court in Commissioner v. Lester, 366 U.S. 302 (1961). Her husband's attorney, who had knowledge of the Lester decision, drafted the provisions of the property settlement agreement. The judge of the Superior Court of Spokane County merely entered the divorce decree reflecting the property settlement agreement of the parties. It was his understanding that the monthly payments were intended by petitioner and Charles Lust to be for child support. [4]
We are satisfied from our examination of the provisions of the divorce decree and property settlement agreement that at least $200 per month was intended by petitioner and Charles Lust to be child support. *274 The payments were to drop to that amount if petitioner remarried; and the payments were to be reduced to $125 when the older child reached 21 years of age and cease entirely when the younger child reached 21 years of age. Unfortunately for petitioner, we cannot give effect to such intention. The decision in the Lester case requires that payments for child support be clearly "fixed" in either the divorce decree or the property settlement agreement. In that case the Supreme Court refused to infer from the payment schedule the amount of child support intended. It also dismissed as irrelevant the "intent" of the parties in making the agreement. Subsequently this Court has said that "intent will not control" the characterization of the payments. See Geraldine E. Grummer, 46 T.C. 674, 679 (1966); Jean Talberth, 47 T.C. 326 (1966). In the Lester case the Supreme Court quoted the following statements from the hearings before the Senate Committee on Finance on H.R. 7378, 77th Cong., 2d Sess., p. 48: If an amount is specified in the decree of divorce attributable to the support of minor children, that amount is not income of the wife * * *. If, however, that amount *275 paid the wife includes the support of children, but no amount is specified for the support of the children, the entire amount goes into the income of the wife * * *. In commenting on the Senate Finance Committee Report, the Supreme Court said (366 U.S. at 303): This language leaves no room for doubt. The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. 284 It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. In the instant case the property settlement agreement does not expressly specify or fix a sum certain for child support. To the contrary, it merely provides that the "Husband shall pay to the wife" a certain amount of money each month. The divorce decree is no more specific. It approves the terms of the property settlement agreement and orders in the interlineation to paragraph III that the former husband *276 will "pay $340.00 Per Month for 3 years, except for Sept. 1962 to May 1963 which sum shall be $350.00 for those months. Thereafter the sum reduced to $250.00 Per Month." Simply because the interlineation follows the typed sentence in paragraph III which provides that the petitioner shall have "the care, custody and control of said minor children," does not establish, in our judgment, that the amounts to be paid were specifically designated or "fixed" as child support. Petitioner's testimony as to how she spent the money received from her former husband and that she received her own support from relatives is all immaterial and irrelevant in view of Lester. The purpose of Lester was to establish a hard and fast, indeed arbitary, rule, which would produce predictable results and thus reduce litigation. It has probably been successful in accomplishing that purpose. But hard and fact rules of this sort are shrouded with the air of medieval property law, where equity (justice) was often defeated by a flaw in the magical formulae of words. Rules designed to keep people out of court sometimes prevent trial courts from exercising reasonable and fair judgments. If it were not for the Lester *277 decision we would find that $200 of the payments petitioner received were for child support. But Lester ties our hands. We are bound by it. We cannot circumvent it. Accordingly, we hold that none of the payments qualify as child support under section 71(b). Under the law and these circumstances we can offer petitioner only our sympathy. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
*. Brackets indicate interlineation. Petitioner, at the request of the Internal Revenue Service, met with its authorized representative, who after due consideration of all the facts, including stipulated documents, prepared the 1962 tax return for petitioner's signature, and requested that petitioner sign the return at the meeting, which she did. The return did not include as income any amounts received from her former husband, Charles W. Lust. Petitioner claimed the two children as dependents on her 1962 return. Respondent allowed petitioner the dependency exemptions for both children for the years 1962, 1963 and 1964. Opinion Petitioner contends that the amounts she received pursuant to the divorce decree and property settlement agreement were payments for child support under section 71(b). SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. * * * (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support. [2] To the contrary, respondent asserts 283 that neither the divorce decree nor the property settlement agreement specifically designates or fixes the amount of support for the children, and thus the payments received by petitioner are, as a matter of law, includable in her gross income under section 71 (a). SEC. 71(a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written separation agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) Decree for support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.
[3]↩
4. Although the interlineation to paragraph III of the divorce decree was made with both the Superior Court Judge and petitioner's attorney in the divorce action present, the transcript of the hearing contains no mention or discussion of "fixing or characterizing" specific amounts for alimony or child support.↩