MARY C. STEWART, plaintiff in error, *vs.* WILLIAM STEWART, administrator, defendant in error.

(McCAY, Judge, having been counsel below did not preside.)

Where a married woman separates from her husband, and institutes suit for permanent alimony, and the husband in response sets up, by way of cross-bill, a prayer for the reformation of an ante-nuptial settlement set up by her in the bill, and by consent of parties, the Court reforms the instrument, and decrees permanent alimony to the wife, with counsel fees:

*Held,* That the wife, in the fact of her separation and the institution of such suit, was *sui juris,* and by the decree for permanent alimony was barred of dower or future interest in the estate of her husband at his death, under section 1742 of the Code, and the decree in the premises was binding upon all parties until it was set aside.

Dower barred by decree for permanent alimony.   Before Judge CLARK.   Sumter Superior Court.   March, 1871.

Here dower was resisted upon the ground that the decree for permanent alimony to the wife was in lieu of dower, etc., by its terms.   For the facts see the opinion.

C. T. GOODE; PHILLIP COOK, for plaintiff in error, said dower cannot be barred by anything except those mentioned in section 1754 of the Code.   Her consenting to a decree barring dower does not bind her:   Code, section 1769.

W. A. HAWKINS; HAWKINS & GUERRY, for defendant. The ante-nuptial settlement barred dower: 37 Georgia Reports, 296; 35th, 218; 29th, 167.   The consent decree barred drawer; it is *res adjudicata* by said decree.

LOCHRANE, Chief Justice.

This was an application for dower on the part of the plaintiff in error, Mrs. Stewart, in the lands of James Stewart, her deceased husband, resisted by the administrator, upon the ground of an ante-nuptial settlement, and the decree of Schley Superior Court, in an action instituted against her husband, in which she had recovered permanent alimony and counsel fees.   The record discloses that some time after the intermarriage of the plaintiff in error with James Stewart, she separated from him, taking with her her separate estate, which had been settled, by the ante-nuptial settlement, upon her, and filed her bill for permanent alimony.   In response to the bill, James Stewart, by way of cross-bill, prayed a reformation of the ante-nuptial settlement, by which she renounced any part or portion of the estate of Stewart she would be entitled to as a distributee in the case of his

Stewart *vs.* Stewart.

death, unless he saw proper to give the same to her by will or otherwise. The reformation alleged was, that such settlement was intended by the complainant and defendant to be in lieu of all dower in his land, as well as all interest in his estate, with the usual averment of mistake, etc. The decree recites the consent of the parties to the same, and gives $500 00 for counsel fees, and $2,800 00 for permanent alimony and support, and decrees the same to be in lieu of all right to dower, and that the ante-nuptial agreement be reformed, etc.

In the opinion we entertain of this case, the Court, in deciding that Mrs. Stewart was not entitled to dower, committed no error under the facts of this case. Under section 1742 of the Code, upon the granting of permanent alimony to the wife, she is not entitled to any further interest in the estate of her husband at his death. And, while we recognize the provisions of the Code, section 1754, as to how dower may be barred, and recognize the rule by which Courts favor applications for dower, still, we are of opinion, where the wife, during the life of her husband, separates from him, and assumes a relationship of separation, she is, to all intents and purposes, *sui juris,* and may institute suit for alimony if she so elects; and when it is granted to her, she properly ceases to have further interest in his estate, in her right as wife. And, as in this case, when she instituted her suit for alimony and set up the ante-nuptial agreement, it was competent for the defendant to such bill to assert such legal rights as he may have had in relation thereto. And we hold that, inasmuch as a Court of equity had jurisdiction of the parties and the subject matter, its decree in the premises is binding, until set aside in the Court in which it was granted, if there were any legal objections thereto for such action by the Court.

Under the rule in 35th Georgia the wife may contract, for a valuable consideration, for her release of dower, with her husband, and if she holds on to the consideration, equity will enforce the contract. We see no reason why a married wo-

man, separated from her husband and receiving permanent alimony from him, should not be barred upon principle as well as under the provisions of the Code. At any rate, in this case, it appears, from the record, that, by her ante-nuptial settlement, she protected to herself and to her children by her first husband the estate which she brought into the marriage, and for which she relinquished all claims as distributee of his estate except what he might please to give her, and when she subsequently separated from him and went into a Court of equity to obtain a judgment against his estate for permanent alimony, and, by her consent, as appears of record, relinquished all claims of dower and accepted such permament alimony, we see no reason why the Court should presume fraud or imposition upon her, so as to treat as a nullity the solemn decree of a Court of equity, and override a provision of the Code of this State. And we, therefore, agree with our brother below, and affirm his judgment, under the facts in this case.

Judgment affirmed.