19809. McKIE *et al.* v. McKIE *et al.*

HAWKINS, Justice. 1. Where, during the life of her husband, the wife separates from him and assumes a relationship of separation, she is to all intents and purposes sui juris, and may institute suit for alimony if she so elects; and where permanent alimony is either granted by judgment of a court, or the alimony suit is settled by contract between the parties, whereby she accepts money or property in settlement of the claim for permanent alimony, and such contract is not annulled by subsequent cohabitation and reconciliation, under applicable law it bars her of her rights of dower and year's support from her husband's estate, and she ceases to have any further interest in his estate in her right as wife. Code § 30-218; *Stewart*

v. *Stewart,* 43 *Ga.* 294; *Harris* v. *Davis,* 115 *Ga.* 950 (42 S. E. 266); *Gore* v. *Plair,* 173 *Ga.* 88 (159 S. E. 698); *Berry* v. *Berry,* 208 *Ga.* 285 (66 S. E. 2d 336); *Hall* v. *First Nat. Bank of Atlanta,* 89 *Ga. App.* 853 (81 S. E. 2d 522).

2. While a contract in settlement of a claim for alimony stands upon the same basis as other contracts to the extent that it is subject to construction by the court, and, in the construction thereof, the intention of the parties should be arrived at and given effect, if *"it contravenes no rule of law"* (Code § 20-702; *Brown* v. *Farkas,* 195 *Ga.* 653, 25 S. E. 2d 411; *Ramsay* v. *Sims,* 209 *Ga.* 228, 71 S. E. 2d 639), "The laws which exist at the time and place of the making of a contract, enter into and form a part of it" (*West End & Atlanta Street R. Co.* v. *Atlanta Street R. Co.,* 49 *Ga.* 151 (5), *Horton* v. *Johnson,* 192 *Ga.* 338, 347, 15 S. E. 2d 605; *Dorsey* v. *Clements,* 202 *Ga.* 820, 824, 44 S. E. 2d 783, 173 A. L. R. 509); and the parties must be presumed to have contracted with reference to such laws and their effect on the subject matter, "and they cannot, by agreement or otherwise, make any other law applicable in determining either the nature, validity or interpretation of the contract." *Federal Land Bank of Columbia* v. *Shingler,* 174 *Ga.* 352 (3) (162 S. E. 815). See also *Robinson* v. *Reynolds,* 194 *Ga.* 324 (21 S. E. 2d 214); *Orkin Exterminating Co. of South Ga.* v. *Dewberry,* 204 *Ga.* 794, 809 (51 S. E. 2d 669); and compare *Finch* v. *Finch,* 213 *Ga.* 199 (97 S. E. 2d 576). Thus where, as here, a wife enters into a contract with her husband in settlement of her suit for temporary and permanent alimony while living separate and apart from him, whereby she agrees to and does accept a stated amount of money "in one lump sum, as a full and complete settlement of temporary and permanent alimony, and all other rights that she might have against [the husband] party of the second part for and during his natural life," and thereby, under the law existing at the time, bars her rights of dower and year's support and any other interest in the estate of her husband in her right as wife—a further provision of the contract that it shall not be interpreted as having the effect which the law gives it is void. She cannot have her cake and eat it too, or prohibit and prevent an interpretation of the contract by the courts in accordance with the law applicable thereto.

3. Under the foregoing rulings, the plaintiff's petition failed to

584

state a cause of action, and the trial court did not err in sustaining the general demurrer thereto. The fact that the plaintiff in her representative capacity as temporary administratrix of her husband's estate intervened as party plaintiff does not save the petition as against the general demurrer. As intervenor she takes the case as she finds it, and " 'Since the petition was insufficient and must fall because no cause of action is alleged therein, the intervention must likewise fall and meet the same fate as the petition.' " *Romar Acceptance Corp.* v. *Parham,* 213 *Ga.* 223 (3) (98 S. E. 2d 615).

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., and Mobley, J., who dissent.*

ARGUED SEPTEMBER 9, 1957—DECIDED OCTOBER 15, 1957.

*Maurice Steinberg,* for plaintiffs in error.
*Cumming, Nixon & Eve,* contra.