**Margie L. TAPLEY et al.,**
**Plaintiffs,**

**v.**

**LOCKWOOD GREEN ENGINEERS,**
**INC., Defendant.**

**WELDING AND STEEL FABRICATION**
**CO., INC., Defendant and Third**
**Party Plaintiff,**

**v.**

**George C. SEYBOLT et al., Third**
**Party Defendants.**

**No. 74–1514.**

United States Court of Appeals,
Eighth Circuit.

Sept. 16, 1974.

Jerome W. Seigfreid, Mexico, Mo., for plaintiffs.

Branham Rendlen, Hannibal, Mo., for defendant.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

**560**

PER CURIAM.

This case comes before the court after referral from the screening panel, Local Rule 6, upon appellees' motion for summary dismissal. Local Rule 9(b).

The case revolves around a Missouri wrongful death action. The initial complaint sought damages of $50,000, the maximum amount then recoverable under Missouri law for wrongful death. After the filing of this complaint the wrongful death statute of Missouri was amended to allow for unlimited recovery. Plaintiff-appellants in turn filed an amended complaint seeking $500,000 in damages. Defendants moved to strike the prayer of the amended complaint on the ground that the amendment to the statute did not apply retroactively. The district court issued its order granting the motion and stating that plaintiffs might amend their complaint by reducing the ad damnum to $50,000. Plaintiffs appealed. The appealability of that order is now before the court.

 If the order is to be deemed appealable under 28 U.S.C. 1291, it must fall within the "collateral order doctrine."[1] Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546–547, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); Baxter v. United Forest Products Co., 406 F.2d 1120, 1123 (8th Cir. 1969). The order is not a final decision in the ordinary sense. *Compare* Delta Theatres v. Paramount Pictures, 259 F.2d 563 (5th Cir. 1958).

We do not view this appeal as one where substantial rights of any party will be irreparably lost if review is delayed. *Cohen, supra* at 546, 69 S.Ct. 1221. Indeed, the problem here may be obviated by a verdict for defendants or a plaintiffs' verdict for less than $50,000. If and when the case is ulti-

mately appealed from final judgment, the issue presented here can be more appropriately dealt with at that time.

Appeal dismissed.

---

1. The appeal has not been certified under 28 U.S.C. § 1292(b); nor does it fall within the classes enumerated in 28 U.S.C. § 1292(a).