Peter E. BLUM and Robert S. Prather, Jr., Plaintiffs-Appellants,

v.

MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Defendant-Appellee.

No. 82–8149.

United States Court of Appeals, Eleventh Circuit.

July 22, 1983.

Troutman, Sanders, Lockerman & Ashmore, Carl E. Sanders, John J. Dalton, Robert L. Mote, William N. Withrow, Jr., Atlanta, Ga., for plaintiffs-appellants.

Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Jr., Atlanta, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY, Circuit Judge, and PITTMAN *, District Judge.

PITTMAN, District Judge:

This diversity action was brought by appellants, Peter E. Blum and Robert S. Prather, against appellee, the Morgan Guaranty Trust Company of New York (Morgan), to enforce an alleged oral agreement compromising a promissory note suit brought against the appellants and Larry D. Spielberger, in which Morgan had been awarded judgment against Blum, Prather and Spielberger, jointly and severally, for over three million dollars plus interest. *Morgan Guaranty Trust Co. v. Blum*, No. C75–2406A (N.D.Ga. Mar. 14, 1979), aff'd, 649 F.2d 342 (5th Cir.1981) ("note suit"). The complaint sought specific enforcement of the alleged oral settlement agreement through a court order requiring Morgan to execute settlement papers to be prepared by plaintiffs to embody the alleged oral agreement. Morgan moved for summary judgment based on stipulations entered into between Morgan, Blum, and counsel for

---

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation.

both parties on May 3, 1977 and July 12, 1978, prohibiting the introduction into evidence of settlement negotiations among the parties. Morgan later submitted a supplemental motion for summary judgment that asked the district court to assume, for purposes of summary judgment, that there was an agreement as described by the plaintiffs, alleging that the agreement as thus described was not capable of specific enforcement as a matter of law. Both motions were opposed by the appellants.

The district court denied Morgan's motion based on the stipulations upon concluding that the stipulations allowed the plaintiffs to introduce evidence of settlement discussions occurring after the entry of final judgment in the note suit. The court granted Morgan's motion based on the agreement, concluding that the agreement as described by the plaintiffs, as a matter of law, did not meet the standards of completeness, definiteness, and clarity required for a court decree enforcing documents to be submitted as implementation of the alleged settlement.

The district court correctly determined that the alleged compromise is unenforceable as a matter of law, and the judgment of the district court should stand.

Morgan's first motion is based on the application of written stipulations that, it is argued, were offered to prevent admission of this evidence of the negotiations on which the appellants based their claim of a settlement agreement. Both stipulations provide as follows:

WHEREAS, the defendants in the above-entitled action wish to discuss settlement and compromise of their differences directly with an officer or officers of the plaintiff; and

WHEREAS, the plaintiff is willing to meet with the defendants and to hear such proposals; and

WHEREAS, the parties wish to express in writing their agreement that all such discussions be considered negotiations in settlement and compromise and that no party to the above-entitled action shall attempt to submit as evidence anything

said or done by any other party at such meeting;

NOW, THEREFORE, for and in consideration of the premises and the mutual promises of the parties, it is hereby AGREED and STIPULATED:

(1) That until the above-entitled litigation is concluded by final judgment, settlement or otherwise, conversations between the defendants, singly or in combination, with any officers, directors, employees or agents of the plaintiff are for the purpose of negotiating an attempt to settle and compromise the above-entitled litigation, and nothing said or done in any such meeting or meetings shall be admissible in evidence in the above-styled case or in any other case involving the same or similar issues.

(2) The parties further agree that the fact that such meeting or meetings have occurred to negotiate a possible settlement or compromise of the above-entitled litigation shall not be admissible in evidence in this or any other case involving the same or similar issues.

■ Stipulations to limit the introduction of certain evidence are valid contracts under Georgia law. *See Woodson v. Burton,* 241 Ga. 130, 243 S.E.2d 885 (1978). The first paragraph of the stipulation precludes the admission into evidence of settlement discussions "until the [note suit] is *concluded by final judgment....*" The district court concluded that because a "final judgment" was entered in the note suit, i.e., summary judgment in favor of Morgan, the plaintiffs may, in this action, introduce evidence concerning settlement discussions entered into after the entry of summary judgment.

■ We disagree. The entry by a trial court of a judgment that is appealed is not a final judgment that concludes the litigation. The district court gave the stipulation an overly narrow reading. The district court erred in holding that the addition of the word "concluded" in the settlement agreement did not alter its meaning. *Blue v. Morgan Guaranty Trust Co.,* No. C79–

866A (N.D.Ga. Oct. 5, 1981) at 9 n. 2 (hereinafter No. C79–866A). Final judgment for purposes of appeal and final judgment that concludes litigation are separate and distinct. It is clear that the agreement provided that nothing about the meeting would be admissible "until the ... (note suit) litigation is concluded ..." by final judgment, settlement, or otherwise. Although a final, appealable order was entered in the note suit [1], it cannot be said that the note suit litigation was "concluded" thereby. We conclude that the parties thereto intended to exclude evidence of settlements until such time as the parties to the note suit had exhausted their appellate recourses. Until such time, in the absence of a compromise, a matter cannot be said to be concluded.

Thus, the district court erred in considering evidence of settlement discussions between Blum and officials of Morgan. For the reasons set forth below, we conclude that the district court should have granted Morgan's first motion for summary judgment based upon the stipulations.

■ A motion for summary judgment may be made solely on the basis of the complaint, in which case the motion is to be treated as the functional equivalent of a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). 6 J. Moore, Moore's Federal Practice ¶ 56.11[2] (2d ed. 1982). In this posture, the court must construe the complaint liberally in favor of the plaintiff, taking the facts as alleged as true. The motion should be denied if a claim has been pleaded.

The complaint makes the following allegations: On March 18, 1979, shortly after judgment was entered in the note suit, John Wendelken, Assistant Vice-President of the defendant, flew to Atlanta, Georgia, and met with Blum to discuss settlement of the matter without further post-trial and appellate litigation. On March 18, 1979, Morgan offered to settle the suit for cash and a ten percent equity in certain properties in downtown Atlanta owned by Blum. Blum on that same date made a counter-offer of a fixed amount of cash to be paid by Blum

and Prather. On Wednesday, March 21, 1979, Wendelken telephoned Blum and made a firm offer to him on Morgan's behalf to settle the pending litigation by either of two alternatives, to-wit: $300,000 cash from Blum and Prather and a ten percent equity in Blum's downtown Atlanta properties, or $500,000 cash from Blum and Prather. On Thursday, March 22, 1979, Blum flew to Memphis, Tennessee and met with officials of the Union Planters National Bank, who agreed to loan Blum $500,000 to pay Morgan in settlement of the note suit. It was further agreed that if Prather paid $50,000 in contribution to the $500,000 settlement amount, Union Planters would loan Blum $450,000 for his contribution towards satisfying Morgan's settlement offer.

The complaint further alleges that on March 23, 1979, Blum telephoned Wendelken and accepted Morgan's offer to pay $500,000 to Morgan to compromise the note suit. Blum told Wendelken that Union Planters had agreed to make him a $450,000 loan so he could pay Morgan, and that confirmation of a commitment to loan Prather $50,000 as his contribution to the settlement amount would be made by telephone by an Atlanta bank on March 26, 1979. Wendelken said that this arrangement was satisfactory to Morgan. On Wednesday, March 28, 1979, Morgan repudiated the alleged settlement contract with Blum and Prather.

The complaint alleges that Blum did not file post-trial motions in reliance on the alleged oral agreement.

■ It is clear from the complaint that the alleged settlement was entirely oral in character. Proof of the agreement would be possible only by the introduction into evidence of conversation between Blum and officers of Morgan. The introduction of such evidence is specifically prohibited by the stipulations entered into between Blum and Morgan. As regards Blum, the complaint thereby fails to state a claim upon which relief could be granted.

---

1. *See Burkett v. Shell Oil Co.*, 487 F.2d 1308, 1314 (5th Cir.1973.)

The stipulations were not entered into by appellant Prather, and were thus only binding on appellant Blum.

The district court concluded that as a matter of law, the agreement as described by the appellants "[did] not meet the standards of completeness, definiteness, and clarity required for a court decree enforcing documents to be submitted by plaintiffs as implementation of the alleged settlement." No. C79–866A at 2. To the extent that this was a correct conclusion with respect to the claim as made by appellant Prather, we affirm this conclusion of the district court. Of course, if the settlement agreement had been admissible against Morgan, the same conclusion would apply as to Blum's claim against Morgan.

Upon a review of the deposition testimony submitted by the appellants, the district court found that the alleged agreement consisted of three parts. First, in order that Blum and Prather might have no further liability to Morgan, Morgan's law firm would draft written releases from judgment, satisfactory to counsel for all parties and the lender of funds. Morgan would preserve its rights against Spielberger. There was no agreement on the form or mechanism of the release and preservation of rights. Second, Morgan would receive from Blum and Prather $500,000 in cash. Third, the collateral property would be transferred to Morgan by a writing. Morgan would reserve its rights against Spielberger's 45% interest in the collateral property by any workable means.

■ The construction of settlement contracts is governed by state law applicable to contracts in general. *Florida Education Association, Inc. v. Atkinson,* 481 F.2d 662 (5th Cir.1973). Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract. *See McKie v. McKie,* 213 Ga. 582, 100 S.E.2d 580 (1957). First, there must be a meeting of the minds between the parties concerning all of the essential terms of the agreement. Ga.Code § 20–108. In order to be entitled to the remedy of specific performance, it is necessary to prove the terms of the agreement in a clear and definite manner, such that "neither party can reasonably misunderstand them." *Green v. Zaring,* 222 Ga. 195, 198, 149 S.E.2d 115 (1966).

A court of equity will not decree the specific performance of a contract ... unless there is a definite and specific statement of the terms of the contract. The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance, where these are essential. Its terms must be such that neither party can reasonably misunderstand them. *It would be inequitable to carry a contract into effect where the court is left to ascertain the intention of the parties by mere guess or conjecture, because it might be guilty of erroneously decreeing what the parties never intended or contemplated.*

*Williams v. Manchester Building Supply Co.,* 213 Ga. 99, 101, 97 S.E.2d 129 (1957) (emphasis supplied).

There were property interests involved and effected of a party, Spielberger, not party to the settlement agreement.

■ The Blum depositions, upon which the alleged agreements are based, leave considerable doubt that there was ever a meeting of the minds among the parties. Assuming for our purposes that there was, the agreement as alleged lacks the required specificity with respect to the vehicles to be used in bringing about releases of liability, transfers of property, and preservation of rights against Spielberger.

In appropriate cases the courts may provide specific means to definite, agreed upon ends, rather than strike down a contract for mere lack of detail. *Cf. Orkin v. Buchanan,* 108 Ga.App. 449, 133 S.E.2d 635 (1963). Here, the agreement is indefinite and unenforceable as a matter of law.

Finally, the court takes judicial notice that oral settlements often break down over the inability of the parties to agree on final

written drafts. The court simply cannot be expected to create a final settlement on the basis of the appellants' allegations.

The judgment is due to be and hereby is AFFIRMED.