**Alice W.C. WONG, Plaintiff-Appellant,**

v.

**Hugh Tolan BAILEY, Jr., Hugh Tolan Bailey, Sr., Defendants-Appellees.**

**No. 84–8169.**

United States Court of Appeals, Eleventh Circuit.

Feb. 8, 1985.

Richard P. Decker, Robert A. Moss, Atlanta, Ga., for plaintiff-appellant.

Douglas W. Smith, Atlanta, Ga., for defendants-appellees.

Before HENDERSON and HATCHETT, Circuit Judges, and NICHOLS*, Senior Circuit Judge.

ALBERT J. HENDERSON, Circuit Judge:

Alice W.C. Wong appeals from the district court's grant of a motion for summary judgment filed by the appellees to enforce the terms of an oral agreement purportedly reached by the parties during the pendency of a suit initiated by Wong against Hugh Tolan Bailey, Jr. and Hugh Tolan Bailey, Sr. Finding no genuine issue of material fact as to the existence of the settlement agreement, we affirm the district court's judgment.

Wong filed this diversity action in September, 1982 in the United States District Court for the Northern District of Georgia seeking damages for injuries suffered when the automobile in which she was a passenger was struck by a car operated by Hugh Tolan Bailey, Jr. and owned by his father, Hugh Tolan Bailey, Sr. Shortly thereafter, Allstate Insurance Company, the Baileys' insurance carrier, offered Wong the $15,000.00 limit of the Baileys' policy in full and complete settlement of the lawsuit. The attorney for Wong orally agreed to the settlement offer in October, 1983. On October 28, 1983, the Baileys' counsel sent a letter to Wong's lawyer enclosing a settlement draft from the insurance company, a release of all claims, a stipulation of dismissal, and an affidavit and hold harmless agreement. Wong's attorney contacted the Baileys' counsel on November 9, 1983 and informed him that the general release clause was unacceptable because it did not contain the necessary language to preserve Wong's right to claim underinsurance benefits pursuant to the Louisiana policy insuring the driver of the car in which she was a passenger. When the parties were unable to agree over the insertion of the language, Wong's lawyer informed the Baileys' attorney that the parties could not consummate the settlement.

On November 10, 1983, counsel for the Baileys filed a motion for summary judgment or motion to enforce settlement. In its order granting the motion, the district court found that the need for the inclusion of the language necessary to preserve Wong's rights under Louisiana law was not discovered until after the settlement agreement was reached. The court also held that counsel for both parties understood that the standard procedure, including the insertion of a general release clause, would be followed in finalizing the settlement.

Summary judgment is appropriate only when the moving party has sustained its burden of proving that there exists no genuine issue of material fact after viewing all the evidence in the light most favorable to the party opposing the motion. *Sweat v. Miller Brewing Co.,* 708 F.2d 655, 656 (11th Cir.1983); *Morrison v. Wash-*

* Honorable Philip Nichols, Jr., U.S. Circuit Judge for the Federal Circuit, sitting by designation.

*ington County, Alabama,* 700 F.2d 678, 682 (11th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983). The district court's order granting a summary judgment motion is not a discretionary decision and thus will be independently reviewed by the appellate court. *Federal Deposit Insurance Corp. v. Dye,* 642 F.2d 837, 841 (5th Cir. Unit B 1981).[1]

■■■ The construction and enforcement of settlement agreements are governed by principles of the state's general contracts law. *Blum v. Morgan Guaranty Trust Co.,* 709 F.2d 1463, 1467 (11th Cir.1983) (citing *Florida Education Association, Inc. v. Atkinson,* 481 F.2d 662, 663 (5th Cir.1973)). For purposes of this appeal, both parties have assumed that Georgia law governs their agreement. Under Georgia law, an agreement in settlement of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract. *See McKie v. McKie,* 213 Ga. 582, 583, 100 S.E.2d 580, 582–83 (1957). Thus, there must be a meeting of the minds between the parties as to the terms of the contract. O.C.G.A. § 13–3–2 (1982). *See also Cross v. Cook,* 147 Ga.App. 695, 695, 250 S.E.2d 28, 29 (1978) (parties to oral settlement agreement must understand and accept terms); *Adair v. Park,* 97 Ga.App. 719, 721, 104 S.E.2d 473, 475 (1958) ("In order for a release to be operative it must be mutually intended by both parties to the contract."). Assent to the terms of the agreement can be implied from the circumstances, and conduct inconsistent with a refusal of the terms raises a presumption of assent upon which the other party can rely. *Smith v. Hornbuckle,* 140 Ga.App. 871, 875, 232 S.E.2d 149, 153 (1977). An attorney's consent to the agreement is binding on his client. *Stone Mountain Confederate Monumental Association v. Smith,* 170 Ga. 515, 521, 153 S.E. 209, 211 (1930).

■■■ Wong does not dispute that an agreement to settle the ongoing litigation was reached. Rather, she argues that be-

cause there was no discussion of the specific language to be included in the release, there was no meeting of the minds on the terms of the agreement. The appellees, on the other hand, maintain that counsel for both parties understood that a general release would accompany the $15,000.00 settlement draft and therefore the settlement is enforceable.

An independent review of the record in accordance with *Federal Deposit Insurance Corp. v. Dye* leads us to conclude that the appellees sustained their burden of showing the absence of a genuine issue of material fact. Wong's counsel did not discover the need for the language necessary to preserve her right to claim underinsured benefits under the Louisiana policy until after he orally agreed to settle the case. Since he could not have contemplated the need for the inclusion of this special language in the release provision at the time he accepted the limits of the Baileys' insurance policy, the lack of a meeting of the minds on this issue is irrelevant to the question of the existence of a valid, enforceable settlement agreement. Furthermore, counsel for both parties understood that the Baileys' attorney would follow the standard procedure used in settling personal injury actions, incorporating therein a general release clause. *Cf. Blum v. Morgan Guaranty Trust Co.,* 709 F.2d at 1467 (district court found that parties had not agreed on the form or mechanism of the release). Counsel's assent to the inclusion of a general release could be implied from his failure to object when he agreed to settle the case. *See Smith v. Hornbuckle,* 140 Ga.App. at 875, 232 S.E.2d at 153. Based on our review of the record, it is clear that the parties entered into a binding agreement to settle Wong's claim against the Baileys.

Accordingly, the grant of summary judgment in favor of the appellees is AFFIRMED.

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.