846 F.2d 47
 Robert E. AHERN, et al., Plaintiffs-Appellees,
v.
CENTRAL PACIFIC FREIGHT LINES, Plaintiff-Appellant,
v.
Roy GAUSSOIN, et al., Defendants-Appellees.
CENTRAL PACIFIC FREIGHT LINES, Plaintiff-Appellant,
v.
Touche ROSS; Nicholas K. Fisher, Defendants-Appellees.
Robert E. AHERN; John M. Barta; Robert L. Barta; Richard
M. Barta; and Robert R. Barta, Plaintiffs-Appellees,
v.
CENTRAL PACIFIC FREIGHT LINES, Plaintiff-Appellant,
v.
Roy GAUSSOIN, et al., Defendants.
 Nos. 86-4293, 86-3567 and 86-3667.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 2, 1987.
Decided May 6, 1988.
 
 Henry Kane, Beaverton, Or., for plaintiff-appellant Central Pacific Freight Lines.
 Bruce M. Hall, Portland, Or., for plaintiffs-appellees Robert E. Ahern, et al.
 James H. Clarke, Portland, Or., for defendants-appellees Roy Gaussoin, et al.
 Appeal from the United States District Court for the District of Oregon.
 Before ANDERSON, FARRIS and BRUNETTI, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 These are consolidated appeals by Central Pacific Freight Lines from orders in securities cases brought by 64 owners of subordinated notes issued by Tradex, Inc. The 64 holders of the subordinated variable rate notes brought actions in the United States District Court for the District of Oregon alleging securities and RICO violations under federal and state law and common law claims.
 
 
 2
 Central Pacific Freight Lines was a trucking business solely owned by Diana Schlegel. On May 17, 1985, a global settlement was reached. Chief Judge Owen Panner testified and District Judge Edward Leavy found that Schlegel assented and agreed to the settlement. In that settlement, defendants paid $2.7 million which was 101% of the face amount of the notes. Sixty-three plaintiffs executed general releases and were paid their proportional shares of the settlement fund. On July 19, 1985 the action was dismissed.
 
 
 3
 Schlegel, however, did not perform the settlement. She instead filed a series of post-judgment motions in the name of Central Pacific Freight Lines demanding that the judgment be set aside. Schlegel contended that (1) the note was not hers, but belonged to the corporation which had filed Chapter 11 bankruptcy proceedings in December, 1984; (2) she was not authorized by the bankruptcy court or by the creditors to settle the claim; and (3) her former counsel did not have authorization to settle.
 
 
 4
 The district court held an extensive evidentiary hearing on the Schlegel motion, hearing testimony and receiving in evidence written exhibits. Based on that record, the court denied the motion to set aside judgment of dismissal.
 
 
 5
 This court must affirm the district court's denial of the motion to set aside judgment unless the district court abused its discretion in ruling that sufficient grounds for setting aside the judgment were not shown. Rodriguez v. Southern Pacific Transp. Co., 587 F.2d 980, 981 (9th Cir.1978). The district court's finding that Schlegel assented to the settlement and intended to be bound by it must be affirmed unless it is clearly erroneous. See Worthy v. McKesson, 756 F.2d 1370, 1372 (8th Cir.1985).
 
 
 6
 The Ninth Circuit is firmly "committed to the rule that the law favors and encourages compromise settlements." United States v. McInnes, 556 F.2d 436, 441 (9th Cir.1977). "[T]here is an overriding public interest in settling and quieting litigation." Id. (citations omitted). "It is well recognized that settlement agreements are judicially favored as a matter of sound public policy. Settlement agreements conserve judicial time and limit expensive litigation." Speed Shore Corp. v. Denda, 605 F.2d 469, 473 (9th Cir.1979).
 
 
 7
 "Assent to the terms of a settlement agreement can be implied from the circumstances, and conduct inconsistent with a refusal of the terms raises a presumption of assent upon which others may rely." Wong v. Bailey, 752 F.2d 619, 621 (11th Cir.1985).
 
 
 8
 On May 16 and 17, 1985 Judge Panner conducted the settlement conference. Schlegel was present at the plaintiffs' meeting convened on the afternoon of May 17. Soon after the litigation began the plaintiffs formed a steering committee consisting of five persons, one of which was Schlegel. The purpose of the steering committee was to keep the plaintiffs apprised of the course of the litigation and, in Schlegel's words, to serve as "liaison" between the plaintiffs and their attorney. The group voted to negotiate as a single entity and to settle their claims for the face amount of the notes they held plus interest and attorney's fees. Judge Panner addressed the group and explained that a settlement would be dispositive of all the plaintiffs' claims. When Judge Panner left the room, the steering committee offered a resolution that plaintiffs settle their claims for approximately $2.5 million. A call for votes yielded a show of three-fourths of the plaintiffs present voting in favor. Evidence showed that Schlegel raised her hand with the others, though Schlegel denies doing so. Schlegel did not, by word or gesture, express opposition to the resolution. Immediately after the vote, the members of the plaintiffs' steering committee, which included Schlegel, went into Judge Panner's chambers. When Trudeau, one of the members of the steering committee, told the judge that a unanimous decision to settle had been reached, Schlegel said nothing to indicate that she differed with that characterization of the outcome. A short time later, that same afternoon, Judge Panner informed the leadership of the plaintiff's group that defense counsel had in principle agreed to a settlement of $2.7 million. Schlegel manifested no opposition at the time of Judge Panner's pronouncement of that agreement. On May 20, 1985 Judge Panner met with the plaintiffs' and defendant's attorneys and the settlement was concluded.
 
 
 9
 We conclude, as did the district court, that Schlegel's conduct gave every appearance that she adopted the actions of those around her, including her attorney, fellow plaintiffs and the judge, and that the decisions of those around her were hers as well. We hold that the conduct of Schlegel, in particular her failure to object to the settlement offer and settlement itself when presented with numerous opportunities to do so, is the sort of circumstances and conduct from which assent can be implied. Wong, 752 F.2d at 621. Because we find that Schlegel assented to the settlement herself, the issue of whether her former counsel had authorization to settle is of no import. Also of no avail is Schlegel's contention that the note was not hers but that it belonged to the corporate entity. There was abundant evidence that Central Pacific Freight Lines was a sole proprietorship. Schlegel retained the note as individual, non-corporate property, and in June 1985 when settlement papers were mistakenly drawn in the name of the corporation, Schlegel protested that the claim belonged to her and that the papers must be corrected.
 
 
 10
 The district court's finding that Schlegel assented to the judgment and intended to be bound by it was not clearly erroneous and we affirm that finding. Furthermore, the district court's denial of Schlegel's motion to set aside the judgment was not an abuse of discretion and we affirm that judgment.
 
 
 11
 The standard of review regarding a district court's imposition of Rule 11 sanctions depends upon the particular challenge raised on appeal. If the facts relied upon by the district court to establish a violation of the Rule are disputed on appeal, we review the factual determinations of the district court under a clearly erroneous standard. If the legal conclusions of the district court that the facts constitute a violation of the Rule is disputed, we review that legal conclusion de novo. Finally, if the appropriateness of the sanction imposed is challenged, we review the sanction under an abuse of discretion standard. Zaldivar v. City of Los Angeles, 780 F.2d 823, 828 (9th Cir.1986).
 
 
 12
 We conclude, as did the district court, that Schlegel's position was supported only by her own testimony on her state of mind and was overwhelmingly contradicted by evidence of her conduct during the settlement process. Schlegel has taken conflicting positions during the course of this proceeding with the result that issues were obfuscated and the time of opposing counsel was needlessly consumed. The multitude of post judgment motions, affidavits, documents and memoranda filed by Schlegel were unfounded in fact and unwarranted by law. We further conclude that the district court did not abuse its discretion in assessing the attorneys' fees and costs which it did as those fees and costs were reasonably expended in response to Schlegel's motion.
 
 
 13
 AFFIRMED.