James **DARBY** Jr., Plaintiff,

v.

**CITY of TORRANCE, et al., Defendants.**

**No. CV 92–3289–AAH (EEx).**

United States District Court,
C.D. California.

Sept. 14, 1992.

---

272

Michael R. Mitchell; and Hugh R. Manes, Manes & Watson, Los Angeles, CA, for plaintiff.

G. Richard Ford, John D. Colombo, Maxine J. Lebowitz, Ford, Walker, Haggerty & Behar, Long Beach, CA, and Michael P. Stone, Stone & Feeley, P.C., Los Angeles, CA, for defendants.

### ORDER RE: DEFENDANT'S MOTION TO STRIKE AND MOTION TO DISMISS

HAUK, Senior District Judge.

#### Introduction

Plaintiff James Darby Jr., has brought suit against the city of Torrance, the Tor-rance Company, and two City of Torrance Police Officers, John Senger and Thomas Aldrich, alleging that the defendants individually and as a group deprived him of his federal civil rights in violation of 42 U.S.C. Section 1983. Plaintiff has also brought several related state claims which the court may hear under its supplemental jurisdiction. Defendant's the City of Torrance, John Senger, and Thomas Aldrich have moved the Court to Strike portions of the plaintiff's complaint, and to dismiss plaintiff's fourth, fifth, sixth, ninth, and tenth causes of action. (Plaintiff refers to his cause of action for battery as his eleventh cause of action, while defendant refers to it as the tenth cause of action. The Court will describe this cause of action as the tenth throughout this order.)

#### I. Motion To Strike

Pursuant to F.R.C.P. 12(f) defendant's City of Torrance, John Senger, and Thomas Aldrich have sought to strike portions of plaintiff's complaint, specifically paragraphs 20 and 45 and Item 2 of the prayer for relief. The Moving Parties seek to strike these sections of the complaint as immaterial, arguing that punitive damages are not recoverable against these defendants due to governmental immunity. The Moving Parties cite *Tapley v. Lockwood Green Engineers Inc.*, 502 F.2d 559 (8th Cir.1974) to support their contention that a Motion to Strike may be brought to strike a prayer for relief where the damages sought are not properly recoverable.

The Moving Parties do not cite any Federal authority in support of striking paragraph 20. In his Opposition to The Motion To Strike, plaintiff cites *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) to demonstrate that punitive damages are recoverable against an individual in a suit brought pursuant to 42 U.S.C. Section 1983. Plaintiff also admits in his opposition that punitive damages are generally not available against a city under Section 1983. *Newport v. Fact Concerts*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616

(1981). Therefore, the Motion to Strike paragraph 20 is GRANTED only as to defendant City of Torrance.

The Moving Parties cite California Government Code Section 818 in support of their motion to strike paragraph 45. In his opposition, Plaintiff admits that this section of the Government Code does bar the recovery of punitive damages from defendant City of Torrance. However, Section 820(a) of the Government Code states that public employees are liable for injury to the same extent as private persons. Since private persons are liable for punitive damages under California law, Cal.Civ.Code Section 3294 (West 1992), public employees are also subject to punitive damages. Therefore, the Motion to Strike paragraph 45 is GRANTED only as to defendant City of Torrance.

Item 2 of the Prayer for Relief asks the Court to award punitive damages. Based upon the above discussion, the Court will GRANT the Motion to Strike Item 2 of the Prayer for Relief only so far as it refers to paragraphs 20 and 45, and only as to defendant City of Torrance.

## II. Motion to Dismiss

### A. Fourth Cause of Action

In his Fourth Cause of Action "Cross-claimant" Michael Mitchell seeks to have the Court give its blessing to the purported transfer of the right to collect attorney's fees under 42 U.S.C. 1988 from his client, the plaintiff James Darby Jr., to himself. The "Cross-claimant" also seeks to have the Court issue an injunction "Prohibiting defendant's from offering, threatening to offer, or entering into any settlement of this case or any federal civil rights case which settlement (a) purports to be a 'lump sum' settlement, including all attorney's fees, or (b) purports to waive any of cross-claimant's rights to apply for, obtain and receive statutory attorney's fees." (Plaintiff's Complaint pages 10–11). Leaving aside the issue of whether this "Cross-complaint" has been properly brought pursuant to F.R.C.P. 13(g), in that the "Cross-complaint" appears to have been brought against both the plaintiff and the defendant and is not truly a cross-complaint at all, this Cause of Action will be dismissed for failing to state a claim upon which relief can be granted.

■ As the "Cross-claimant" admits in his opposition, Federal Courts have time and again ruled that the right to collect attorney's fees under 42 U.S.C. 1988 belongs to the client, not the attorney. *Evans v. Jeff D.*, 475 U.S. 717, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986), *Willard v. City of Los Angeles*, 803 F.2d 526 (9th Cir.1986). These rulings have created a problem for civil rights attorney's such as "Cross-claimant" Mitchell, in that they allow plaintiffs bringing civil rights claims to settle cases with defendants that include a waiver of the right to collect attorney's fees. In order to avoid this situation and guarantee the collection of his fees, "Cross-claimant" has begun to have his clients sign contingency fee agreements, insuring that he would share in any award made to these clients. This procedure was approved of by the Supreme Court in *Venegas v. Mitchell*, 495 U.S. 82, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990).

■ "Cross-claimant" Mitchell does not appear to be satisfied with these contingency fee agreements, however, and seeks to be made a party to all 42 U.S.C. 1983 actions which he files. "Cross-claimant" cites no authority which would allow him to become a party to these actions based upon the assignment of right to collect attorney's fees, but merely states that he can find no authority to the contrary. "Cross-claimant" states that under this purported assignment from his client to himself, he now has a property right to be compensated under Section 1988. (Plaintiff's Complaint page 4). This contention clearly goes beyond the scope of the *Venegas* decision. *Venegas* states that civil rights clients are free to contract as they wish with their attorneys regarding fees. It does not, however, state that Section 1983 plaintiffs may freely transfer the rights given to them by Congress under Section 1988 to their attorneys.

■ Because this issue appears to be one of first impression, this Court must consider what the effect of allowing this Cause of Action to continue would be. The effect of allowing Section 1983 plaintiffs to assign their statutory rights to attorney's fees to their counsel would be to hinder the settlement of these cases. If these types of assignments are allowed, attorneys would have a clear interest in refusing to settle these cases until well into the litigation process. The longer the attorney forestalls settlement, the higher his fees. These types of arrangements create a clear conflict of interest between attorney and client, since the attorney may be tempted to ignore his client's desire for a quick settlement in order to increase his own profit. Finally, the plaintiff would be unable to settle his own case without his attorney's permission, because the attorney would also be a party to the litigation. Clearly, the result of allowing this "Cross-complaint" would be to contravene the Federal Court's policy of encouraging the settlement of litigation. *Ahern v. Central Pacific Freight Lines*, 846 F.2d 47, 48 (9th Cir.1988), *United States v. McInnes*, 556 F.2d 436, 441 (9th Cir.1977).

In addition to seeking to become a party to this litigation, "Cross-claimant" also seeks an injunction prohibiting his client from settling this case in any manner inconsistent with the claimed assignment of the right to collect attorney's fees. Again, "Cross-claimant" fails to cite any authority which would support the issuance of such an injunction. Clearly, the issuance of the requested injunction would violate the Court's policy of encouraging settlements. For this reason, as well as those discussed above, the Motion to Dismiss is GRANTED as to the Fourth Cause of Action.

B. Fifth Cause of Action

Plaintiff's Fifth Cause of Action is for attorney's fees, based upon the Court's inherent right to award such fees when one party to a suit has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974). In his complaint, plaintiff states that defendants have acted in bad faith, but fails to allege any facts to support such contention. Given that conclusionary allegations are not sufficient to state a claim for relief, *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982), the Motion to Dismiss the Fifth Cause of Action is GRANTED.

C. Sixth Cause of Action

Plaintiff's Sixth Cause of Action seeks damages from defendants for conspiracy to violate his civil rights in violation of 42 U.S.C. 1983. Moving Parties mistakenly assume this Sixth Cause of Action to be based on state law and therefore cite a number of irrelevant state cases on behalf of their motion. Since there is nothing to suggest that plaintiff's claim fails to state a claim under Federal law, the Motion to Dismiss the Sixth Cause of Action is DENIED.

D. Ninth and Tenth (Eleventh) Causes of Action

Plaintiff's Ninth Cause of Action is for assault and his Tenth Cause of Action is for battery. In his complaint plaintiff fails to allege any of the elements of either assault or battery. Plaintiff merely repeats the allegations from his Seventh Cause of Action regarding his alleged false arrest, and then states that the defendant or defendants assaulted or battered him. Since conclusionary allegations are not sufficient to state a claim for relief, *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982), the Motion to Dismiss the Ninth and Tenth Causes of Action is GRANTED with leave to amend the complaint.

E. Motion to Dismiss Defendant's Thomas Aldrich and John Senger

■ Moving Parties apparently seek to have Plaintiff's pendent state law claims dismissed based upon governmental immunity, citing California Government Code Section 820.2 in support of their Motion.

However, it is well settled that the "discretionary immunity" provided for under Cal.Govt.Code Section 820.2 is unavailable where the claim is one for false arrest or false imprisonment (Cal.Govt.Code Section 820.4 (West 1992)) or use of unreasonable force by a police officer. *Scruggs v.*

*Haynes,* 252 Cal.App.2d 256, 60 Cal.Rptr. 355 (1967). Therefore the Motion to Dismiss defendant's Thomas Aldrich and John Senger is DENIED.

Therefore, based on the forgoing,

IT IS ORDERED:

1. Defendant's Motion to Strike paragraphs 20 and 45, and Item 2 of the prayer for relief so far as it refers to these two paragraphs, is GRANTED as to defendant City of Torrance.

2. Defendant's Motion to Strike paragraphs 20 and 45, and Item 2 of the prayer for relief so far as it refers to these two paragraphs, is DENIED as to defendant's John Senger and Thomas Aldrich.

3. Defendant's Motion to Dismiss the Fourth Cause of Action is GRANTED, said dismissal being with prejudice.

4. Defendant's Motion to Dismiss the Fifth Cause of Action is GRANTED, said dismissal being without prejudice.

5. Defendant's Motion to Dismiss the Sixth Cause of Action is DENIED.

6. Defendant's Motion to Dismiss the Ninth and Tenth Causes of Action is GRANTED, said dismissal being without prejudice.

7. Defendant's Motion to Dismiss as to defendants John Senger and Thomas Aldrich is DENIED.