**James DARBY, Jr., Plaintiff,**

v.

**CITY OF TORRANCE, et al., Defendant.**

**Civ. No. 92–3289–AAH.**

United States District Court,
C.D. California.

Dec. 14, 1992.

Michael R. Mitchell, in pro. per.

G. Richard Ford, John D. Colombo, Maxine J. Lebowitz, Ford, Walker, Haggerty & Behar, Long Beach, CA, for City of Torrance, John Senger, Thomas Aldrich.

Michael P. Stone, Stone & Feeley, P.C., Los Angeles, CA, for Torrance Co.

**ORDER DENYING MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD**

HAUK, Senior District Judge.

*Introduction*

Plaintiff James Darby Jr. (Darby) has brought suit against the city of Torrance,

the Torrance Company, and two City of Torrance Police Officers, John Senger and Thomas Aldrich, alleging that the defendants individually and as a group deprived him of his federal civil rights in violation of 42 U.S.C. Section 1983. Plaintiff has also brought several state claims which the court may hear under its supplemental jurisdiction.

On September 14, 1992, this Court granted defendant's motion to dismiss plaintiff's fourth cause of action. 810 F.Supp. 271. Plaintiff's fourth cause of action consisted of an attempt by plaintiff's counsel, Michael R. Mitchell, to have this Court approve an alleged transfer of his client's right to collect attorney's fees under 42 U.S.C. 1988 from the plaintiff, Mr. Darby, to plaintiff's counsel, Mr. Mitchell. This Court dismissed with prejudice this fourth cause of action for failing to state a claim upon which relief could be granted. Mr. Mitchell is now before the Court seeking leave to withdraw as counsel of record.

### Discussion

■ An attorney may not withdraw as counsel except by leave of court. Such a motion may only be made upon written notice given reasonably in advance to the client and all other parties. *See* Local Rule 2.8.2.1. The Local Rules also provide that "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." Local Rule 2.8.2.4.

Plaintiff's counsel has filed written notice with this Court that he seeks to withdraw as counsel of record for the plaintiff, Mr. James Darby. A copy of this notice was served upon Mr. Darby and all counsel of record on October 8, 1992. Mr. Darby has filed an Opposition to his Attorney's Motion For Leave To Withdraw. The defendants have not opposed Mr. Mitchell's motion to withdraw, but have opposed Mr. Mitchell's alternative request for a stay of this action pending his appeal of this Court's dismissal of the fourth cause of action.

In his memorandum of points and authorities in support of his motion to withdraw, Mr. Mitchell has made numerous arguments as to why this Court should grant his motion. All of these arguments are based on the same premise: That it would be unfair to Mr. Mitchell to require him to continue to represent Mr. Darby in light of this Court's dismissal of plaintiff's fourth cause of action. However, despite their numbers, Mr. Mitchell's arguments fail to demonstrate the good cause necessary to approve this motion given the delay it will cause in the prosecution of this case.

■ While it is true that the failure of a client to pay attorney's fees will serve as grounds for an attorney to withdraw, *Liberty–Ellis Island Foundation, Inc. v. International United Industries, Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y.1986), Mr. Mitchell's client has not refused to pay him. Rather, Mr. Mitchell is concerned that with this Court's dismissal of plaintiff's fourth cause of action, his client may choose to accept a "lump sum" settlement in this case, thereby depriving Mr. Mitchell of the right to collect attorney's fees under 42 U.S.C. 1988. *See Evans v. Jeff D.*, 475 U.S. 717, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986). However, Mr. Mitchell knew that this possibility existed when he agreed to represent Mr. Darby. Mr. Mitchell attempted to avoid this result by having Mr. Darby sign an eleven page retainer agreement which purported to assign Mr. Darby's right to collect attorney's fees under 42 U.S.C. 1988 to Mr. Mitchell. Given Mr. Mitchell's extensive experience in civil rights litigation, he must have known that this type of assignment had never been approved by the courts or the legislature, and therefore, might not be accepted by this Court. Therefore, Mr. Mitchell should not be surprised by the situation he now finds himself in.

Further, on September 25, 1992, Mr. Mitchell filed an appeal of the dismissal of plaintiff's fourth cause of action with the United States Court of Appeals for the Ninth Circuit. Therefore, this Court lacks jurisdiction to relieve him as counsel of record in regards to this appeal, and Mr.

Mitchell must seek the permission of the Ninth Circuit if he wishes to withdraw as counsel in regards to matters pending before that Court.

Finally, since Mr. Mitchell can still collect fees in this case, either as a percentage of any recovery made by the plaintiff or all of the attorney's fees awarded by a court, (*See* page 6 of Exhibit A of the Declaration Of Michael R. Mitchell), Mr. Mitchell seeks leave to withdraw on the basis that he may not collect as large a fee as he originally contemplated.

This Court does not find this to be sufficient reason to allow this litigation to be delayed and Mr. Darby to lose the benefit of being represented by an attorney. Therefore, Mr. Mitchell's leave to withdraw is DENIED.

Based upon the foregoing, IT IS ORDERED:

1. That the Motion To Withdraw As Counsel Of Record is DENIED.