[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13841
_____

D.C. Docket No. 6:14-cv-00399-PGB-TBS

LOCAL ACCESS, LLC,
a Florida Limited Liability Company,

Plaintiff -
Counter Defendant -
Appellee,

BLITZ TELECOM CONSULTING, LLC,
a Florida Limited Liability Company,

Plaintiff - Appellee,

versus

PEERLESS NETWORK, INC.,
an Illinois Corporation,

Defendant -
Counter Claimant -
Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____


(July 5, 2018)

Before JORDAN and ROSENBAUM, Circuit Judges, and MARTINEZ,[*] District Judge.

PER CURIAM:

Peerless Network, Inc. appeals the district court's order of August 10, 2017, which granted the plaintiffs' motion to enforce the settlement agreement between the parties and dismissed the case with prejudice. The district court found that the parties had mutually agreed on the terms of a settlement agreement, as set forth in a series of emails between their lawyers. The district court also determined that the terms of the agreement, as stated in the final nine bullet points in the emails, were sufficiently definite and certain so as to constitute an enforceable settlement agreement.

Peerless argues that both determinations were clearly erroneous. *See Devlin v. Ingrum*, 928 F.2d 1084, 1090 (11th Cir. 1991) ("A district court's determination regarding the existence of a valid contract will not be set aside unless clearly

---

[*]Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida, sitting by designation.

2

erroneous.") (quotations omitted). We disagree. Having reviewed the parties' briefs, and with the benefit of oral argument, we affirm.

"The construction and enforcement of settlement agreements are governed by principles of the [forum] state's general contracts law." *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985). The parties argued, variously, that Florida or Illinois contract law governed whether the parties formed an enforceable settlement agreement. It does not matter which law applies. Under both states' contract law, it was not clear error to find that the parties formed an enforceable settlement agreement. *See Wilson v. Wilson*, 46 F.3d 660, 666 (7th Cir. 1995) (settlement agreements are enforceable under Illinois law if there is an offer, acceptance, and "a meeting of the minds as to the terms of the agreement"); *Cty. Line Nurseries & Lanscaping, Inc. ex. rel. Bankr. Tr. v. Glencoe Park Dist.*, 46 N.E.3d 925, 932 (Ill. App. Ct. 2015) ("A meeting of the minds exists whenever the parties' conduct objectively indicates an agreement to the terms of the settlement, even if one or more parties did not subjectively intend to be bound."); *Pena v. Fox*, 198 So. 3d 61, 63, 64 (Fla. 2d DCA 2015) ("a settlement agreement is formed when there is mutual assent and a meeting of the minds between the parties," and subjective intentions are irrelevant because "[t]he writing itself is the evidence of what the parties meant or intended").

3

Here, there are ample objective indications that the parties agreed on the terms of the agreement (identified in the final nine bullet points), as shown by the series of emails between the parties' lawyers. And the terms set out in the bullet points are sufficiently definite. The district court did not clearly err.

**AFFIRMED.**